UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COMPASSCARE, a New York nonprofit corporation; NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES d/b/a NIFLA, a Virginia corporation; FIRST BIBLE BAPTIST CHURCH, a New York nonprofit corporation,,

*Plaintiffs*,

-against-

ANDREW M. CUOMO, in his official capacity as the Governor of the State of New York; ROBERTA REARDON, in her official capacity as the Commissioner of the Labor Department of the State of New York; and LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,

*Defendants*.

**ANSWER**

19-CV-1409

TJM/DJS

---

Defendants Andrew M. Cuomo, Letitia James and Roberta Reardon, by their attorney, Letitia James, Attorney General of the State of New York, Adrienne J. Kerwin, Assistant Attorney General, of counsel, answer the complaint, Dkt. No. 1, as follows:

1. Deny the allegations contained in paragraph **1** of the complaint, except admit that Labor Law § 203-e was passed by the Legislature on January 22, 2019 and signed into law by Governor Andrew M. Cuomo on November 8, 2019, respectfully refer the court to the exhibit cited as the best evidence of what is stated and contained therein, and respectfully refer the court to the complaint as the best evidence of what is alleged, stated and sought therein.

2. Admit the allegations contained in paragraphs **32, 144** and **268** of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs **19, 20, 21, 22, 40, 41, 42, 43, 44, 55-96, 97-108, 112, 114-140**, **203, 204, 205, 206, 207, 208, 209, 210, 211, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 269, 270, 271, 272** and **273** of the complaint.

4. Deny the allegations contained in paragraphs **3, 4, 5, 6, 15, 16, 18, 28, 29, 157, 158, 167, 169, 170, 173, 174, 175, 195, 212, 226, 231, 264, 265, 266, 267, 274, 275, 276, 277, 278, 279, 280, 281, 282** and **283** of the complaint.

5. As to the allegations contained in paragraphs **2, 141, 142, 143, 145, 151, 152, 184, 185, 186, 187** and **188** of the complaint, respectfully refer the court to the bills cited as the best evidence of what is, and is not, stated and contained therein, and deny the allegations to the extent that they are inconsistent therewith.

6. As to the allegations contained in paragraphs **7, 8, 9, 10, 11, 12, 13**, **14, 147, 148, 149, 150, 153, 154, 155, 156, 159, 160, 161, 164, 165, 166, 168, 171** and **172** of the complaint, respectfully refer the court to the legislative history of Labor Law § 203-e as the best evidence of what is, and is not, stated and contained therein, and deny the allegations to the extent that they are inconsistent therewith.

7. Deny knowledge and information sufficient to form a belief as to the truth of the allegations as to the allegations contained in paragraph **17** of the complaint, and respectfully refer the court to the documents cited as the best evidence of what is stated and contained therein.

8. Deny the allegations contained in paragraph **23** of the complaint, except to respectfully refer the court to Labor Law § 203-e as the best evidence of what it states and contains,

and admit that Labor Law § 203-e forbids the plaintiffs from making employment decisions based on the reproductive health decision making of their employees.

9. As to the allegations contained in paragraph **24** of the complaint, respectfully refer all issues of law to the court.

10. As to the allegations contained in paragraphs **25, 26** and **27** of the complaint, respectfully refer all issues of law to the court, respectfully refer the court to Labor Law § 203-e as the best evidence of what is stated and contained therein, and otherwise deny the allegations.

11. Deny the allegations contained in paragraph **30** of the complaint, except admit that plaintiffs CompassCare and First Bible must comply with Labor Law § 203-e.

12. As to the allegations contained in paragraph **31** of the complaint, respectfully refer the court to the complaint as the best evidence of what is stated, asserted and sought therein, respectfully refer all issues of law to the court and deny knowledge or information sufficient to form a basis as to the truth of the remaining allegations.

13. Deny the allegations contained in paragraphs **33** of the complaint.

14. As to the allegations contained in paragraphs **34, 35, 36, 37, 38** and **39** of the complaint, respectfully refer all issues of law as to jurisdiction and venue to the court.

15. As to the allegations contained in paragraph **45** of the complaint, admit that Andrew M. Cuomo is the Governor of the State of New York; respectfully refer the court to the complaint as the best evidence of what is stated, alleged and sought therein including the manner in which the defendants are sued; respectfully refer the court to the cited constitutional provision as the best evidence of what is stated and contained therein; but deny that the cited provision is exhaustive of the duties and authority of the Governor.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph **46** of the complaint and respectfully refer all issues of law to the court.

17. Admit the allegations contained in paragraph **47** of the complaint, but respectfully refer the court to the complaint as the best evidence of what is stated, alleged and sought therein, including the manner in which the defendants are sued.

18. As to the allegations contained in paragraph **48** of the complaint, respectfully refer all issues of law to the court; respectfully refer the court to the cited statute as the best evidence of what is stated and contained therein; and deny that the cited statute is exhaustive of the duties and authority of the Commissioner of the Department of Labor.

19. As to the allegations contained in paragraph **49** of the complaint, admit that Letitia James is the Attorney General of New York State, and respectfully refer the court to the complaint as the best evidence what is stated, alleged and sought therein, including the manner in which the defendants are sued.

20. As to the allegations contained in paragraphs **50** and **179** admit that the Labor Bureau of the Office of the Attorney General ("OAG") operates under the administration of Attorney General James; respectfully refer the court to the cited website as the best evidence of what is stated and contained therein; and deny that the quoted phrase is exhaustive of the duties and authority of the Attorney General and/or the OAG Labor Bureau.

21. As to the allegations contained in paragraphs **51, 52, 53**, **54, 180, 181** and **182** of the complaint, respectfully refer the court to the cited sections of the Labor Law as the best

evidence of what is stated and contained therein, and respectfully refer all issues of law to the court.

22. As to the allegations contained in paragraph **109** of the complaint, admit that, to the extent NIFLA's New York members have employees, those members are subject to the requirements of Labor Law § 203-e, and respectfully refer all issues of law to the court.

23. As to the allegations contained in paragraphs **110, 111** and **113** of the complaint, respectfully refer all issues of law as to standing to the court.

24. As to the allegations contained in paragraph **146** of the complaint, respectfully refer the court to the relevant legislative history demonstrating that SB4413 was signed into law by the Governor on November 25, 2019.

25. As to the allegations contained in paragraphs **162** and **163** of the complaint, respectfully refer the court to the cited case and article as the best evidence of what is stated, discussed and held therein, and otherwise deny the allegations.

26. Deny the allegations contained in paragraph **176** of the complaint, except to admit that § 203-e is contained in the Labor Law.

27. As to the allegations contained in paragraphs **177 and 178** of the complaint, respectfully refer the court to the cited Sections of the Labor Law as the best evidence as what is stated and contained therein, and respectfully refer all issues of law to the court.

28. As to the allegations contained in paragraph **183** of the complaint, respectfully refer all issues of law to the court and deny that the cited provisions completely and accurately describe the relevant duties and authority of the Attorney General.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs **232** and **233** of the complaint, and respectfully refer all issues of law to the court.

30. As to the allegations contained in paragraph **262** of the complaint, restate and reallege all responses to paragraphs "1" through "233" of the complaint made herein.

31. As to the allegations contained in paragraph **263** of the complaint, respectfully refer the court to the cited constitutional provision as the best evidence of what is stated and contained therein.

32. As to the allegations contained in paragraphs **200, 201, 202, 227, 228, 229** and **230** of the complaint, admit that failure to comply with Labor Law § 203-e may subject plaintiffs to enforcement proceedings and/or private actions, and respectfully refer all issues of law to the court.

33. Deny the allegations contained in paragraph **284** of the complaint.

34. Deny the allegations contained in paragraphs **189, 190, 191, 192, 193, 194, 196, 197, 198, 199, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261**, **285, 286, 287, 288, 289, 290. 291, 292, 293, 294, 295, 296, 297, 298**, **299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326**, **327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341** and **342** of the complaint.

35. Deny the allegations contained under the heading "PRAYER FOR RELIEF," and deny that Plaintiffs are entitled to any relief.

36. Deny any and all allegations of the complaint not specifically responded to above.

**Defenses**

37. Plaintiffs lack standing.

38. The complaint fails to state a claim upon which relief can be granted.

39. The complaint is barred, in part, by the court's June 5, 2020 decision and order. Dkt. No. 27.

WHEREFORE, Defendants Andrew M. Cuomo, Letitia James and Roberta Reardon respectfully ask that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
July 17, 2020

        LETITIA JAMES
        Attorney General of the State of New York
        Attorney for Defendants Andrew M. Cuomo, Letitia James and Roberta Reardon
        The Capitol
        Albany, New York  12224

By: *s/ Adrienne J. Kerwin*
        Adrienne J. Kerwin
        Assistant Attorney General, of Counsel
        Bar Roll No.   105154
        Telephone:     (518) 776-2608
        Fax: (518) 915-7738 (not for service of papers)
        Email: Adrienne.Kerwin@ag.ny.gov

TO (via ECF): Kenneth Connelly, Esq.
                Kevin Theriot, Esq.
                David A. Cortman, Esq.
                James P. Trainor, Esq.