**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

COMPASSCARE, a New York nonprofit corporation; NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES d/b/a NIFLA, a Virginia corporation; FIRST BIBLE BAPTIST CHURCH, a New York nonprofit corporation,

      Plaintiffs,

  vs.

ANDREW M. CUOMO, in his official capacity as the Governor of the State of New York; ROBERTA REARDON, in her official capacity as the Commissioner of the Labor Department of the State of New York; and LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,

      Defendants.

1:19-cv-01409 (TJM/DJS)

**CIVIL CASE MANAGEMENT PLAN**

---

**IT IS HEREBY ORDERED that**, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a telephonic status and scheduling conference will be held in this case before the Honorable Daniel J. Stewart, United States Magistrate Judge, on October 20, 2020 at 10:00 a.m. EST. Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than twenty-one (21) days before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) days prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following:

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before **30 days prior** to the completion of all discovery in this action.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before **30 days prior** to the completion of all discovery in this action.

**3) DISCOVERY:** All discovery in this action shall be completed on or before **March 5, 2021**.

**4) MOTIONS:**

Discovery motions shall be made on or before **March 5, 2021**. (**Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25).**

1

Dispositive Motions shall be filed on or before **April 16, 2021**.

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** At this time the parties believe that the matter can be resolved on summary judgment, obviating the need to set a trial date. The parties anticipate that once the remaining legal issue is resolved and final judgment entered, one or both of the parties may take an appeal to the Second Circuit.

**6) HAVE THE PARTIES FILED A JURY DEMAND:   NO**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The Court has subject matter jurisdiction over the Plaintiffs' asserted claims under 28 U.S.C. § 1331, because this action involves claims based on the First and Fourteenth Amendments to the United States Constitution and seeks to prevent state officials from allegedly interfering with Plaintiffs' constitutional rights.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiffs CompassCare Pregnancy Services Center, NIFLA, and First Bible Baptist Church challenge in this action the constitutionality of SB 660, otherwise known as the "Boss Bill," and enacted as N.Y. Labor Law §203-e.  SB 660 provides, *inter alia*, that "[a]n employer shall not . . . discriminate nor take any retaliatory personnel action against an employee . . . because of or on the basis of the employee's or dependent's reproductive health decision making."

**Plaintiffs' Position:**

Plaintiffs allege that SB 660 purports to remedy employment discrimination, but the legislative record contains not one instance of employment discrimination based on the reproductive health decisions of employees. That record instead contains evidence of religious targeting designed to make Plaintiffs accept and enforce the state's own preferred orthodoxy vis-à-vis reproductive health decision making. In practical effect SB 660 violates the constitutional rights of Plaintiffs, and other religious employers like them, by compelling them to speak the government's message, and by compelling them to hire or retain those employees who do not hew to their religious beliefs and missions.  Accordingly, Plaintiffs have brought claims sounding in the First and Fourteenth Amendment to the United States Constitution. More specifically, Plaintiffs claim that SB 660 violates their rights to expressive association, free exercise of religion, religious autonomy, and free speech under the First Amendment to the United States Constitution. They further claim that SB 660 violates Plaintiffs' right to due process under the Fourteenth Amendment because it relies on vague terms and standards in attempting to regulate them. Plaintiffs seek declaratory and injunctive relief.

**Defendants' Position:**

Defendants allege, and this court found, that (1) the complaint fails to allege cognizable First Amendment claims for violation of the rights of free exercise, religious autonomy, or expressive association, and is not unconstitutionally vague; and (2) 203-e does not unconstitutionally limit speech. Defendants also allege that the notice provision of 203-e does not unconstitutionally compel speech.

## 9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?

The parties dispute whether SB 660 violates the constitutional rights of Plaintiffs, and therefore whether Plaintiffs are entitled to the relief they seek.

Plaintiffs filed a Motion for Preliminary Injunction on December 19, 2019. Defendants filed a Motion to Dismiss on January 20, 2020. Briefing was completed on those respective motions on February 28, 2020. On June 5, 2020 the Court granted Plaintiffs' motion for preliminary injunction as to SB 660's employee handbook notice provision, but granted Defendants' motion to dismiss as to Plaintiffs' other claims.

## 10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?

The scope of this litigation has already been circumscribed by previous motion practice and the Court's order as to those motions. Given the fixed positions of the parties as to the constitutional issues implicated by SB 660, they do not believe that any issues can or will be further narrowed by agreement. The parties believe that, absent any unanticipated discovery revelations, the remaining legal issue can be resolved through dispositive motion practice.

## 11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

Plaintiffs seek preliminary and permanent injunctive relief, preventing Defendants and any person acting in concert with them or pursuant to the private right of action contained in the law from enforcing SB 660 against them. Plaintiffs seek a declaration that SB 660 is unconstitutional under the United States Constitution, in its entirety, on its face, and as applied to Plaintiffs, on their expressive association, free speech, religious autonomy, free exercise, and vagueness claims. Plaintiffs also seek the costs of the litigation, including reasonable attorneys' fees and expenses under 42 U.S.C. § 1988.

Defendants seek dismissal of the complaint in its entirety with prejudice, and costs.

**12) DISCOVERY PLAN:**

    **A.**    <u>Mandatory Disclosures</u>

**The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate judge to extend that deadline.**

    **B.**    <u>Subjects of Disclosure</u>

Plaintiffs believe that discovery in this case will primarily require depositions of a very limited number of fact witnesses, potentially including a 30(b)(6) witness, along with routine document production and other written discovery requests. Plaintiffs believe discovery should encompass information relevant to the parties' claims and defenses, including but not necessarily limited to the following:

1) The governmental justification for SB 660, including the harms it seeks to address.
2) Instances of employment discrimination in New York State, based on reproductive health decision making of employees, which prompted the passage of SB 660.
3) The proposed and/or actual application, operation, and enforcement of SB 660 by Defendants to date.
4) Defendants' interactions with non-parties related to the passage of SB 660, whether supportive or opposed to SB 660.
5) The identities of individuals acting in concert with Defendants to draft and pass SB 660.
6) Documents and information used or consulted in drafting and passing SB 660, including drafts forwarded to legislators or worked upon by non-parties to this litigation.
7) Prior legislative iterations of SB 660 and their relation to SB 660, along with reasons for present modification (if any) contained in SB 660.

In light of the limited issue remaining in this case, Defendants contend that paper discovery is sufficient to explore the intent of the notice provision of 203-e and the plaintiff's employee polices and handbooks, and that the issues outlined above by the Plaintiffs disproportionately exceed the discovery needs of this case.

    **C.**    <u>Discovery Sequence</u>

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

Plaintiffs do not believe that discovery needs to be phased and should commence promptly upon this Court's promulgation of the scheduling order. Plaintiffs propose that discovery, and any relevant deadlines, be governed by the Federal Rules of Civil Procedure and Local Rules.

While Defendants do not think that depositions are necessary, to the extent that they are conducted, they should be held only after paper discovery is completed.

### D. Written Discovery

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

Plaintiffs anticipate serving their initial written discovery requests, focused on the issues limned above, by October 30, 2020, and will follow up with any further written discovery as may be appropriate. Based on the results of discovery, Plaintiffs also anticipate that it may be necessary to issue subpoenas to third parties for the production of documents, depending on what arises from the discovery requests they propound to Defendants.

Defendants anticipate serving document demands and, possibly interrogatories, relating to the plaintiffs' handbooks and employee policies, by October 30, 2020, and will follow up with any further written discovery as may be necessary.

Plaintiffs seek no limitations on requests for production or requests for admission and do not anticipate any need to exceed the number of interrogatories permitted under Rule 33, although they reserve the right to seek leave from the Court to serve additional interrogatories as discovery proceeds.

Defendants do not anticipate any need to exceed the number of interrogatories permitted under Rule 33, although they reserve the right to seek leave from the Court to serve additional interrogatories as discovery proceeds.

### E. Depositions

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

Plaintiffs anticipate taking depositions of parties and perhaps third parties, including a 30(b)(6) witness authorized to speak on behalf Defendants as to SB 660. Plaintiffs anticipate at this time that the number of depositions they will need to take will not exceed five individuals, and will not involve experts. Depositions will be completed by the close of discovery, **March 5, 2021**.

Defendants may take the depositions of the plaintiffs, if necessary, and intend to hold them either virtually or in-person within the Northern District of New York.

F.    **Experts**

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).**

The parties do not anticipate that experts will be necessary or utilized in this matter.

In the unlikely event that expert discovery is necessary, the parties propose that initial expert disclosures follow the completion of factual discovery, according to the revised discovery schedule proposed by the parties once such a need becomes apparent.

G.    **Electronic Discovery**

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order**.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

The parties will produce electronically stored information in the form of searchable .pdf files, with each page bearing a unique Bates number. Spreadsheets (e.g., Excel documents) and media files will be produced in native format. If there are responsive text messages, the parties will confer and work together to determine an appropriate form of production for the text messages. The parties do not anticipate any issues involving electronically discoverable material; should one arise, the parties will work together to resolve it before seeking the intervention of the Court
.
With respect to hard copy documents, the parties agree that such documents will be produced in a searchable .pdf format, with each page bearing a unique Bates number. The parties are observing litigation holds and will maintain retention practices for electronic and hard-copy information for the duration of the case.

With respect to privilege and work product protection, the parties agree to the following procedures for asserting claims of privilege after production: In accordance with Federal Rule of

Civil Procedure 26(b)(5) and Federal Rule of Evidence 502, the parties agree that if a party through inadvertence produces discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party requesting that the document or thing be returned to the producing party or destroyed. The receiving party shall return or destroy such document or thing, which shall not constitute an admission or concession that the document or thing is properly subject to a claim of attorney-client privilege or attorney work product, unless within 10 days of receiving the notice, it files a motion for an in-camera review by the Court to determine whether the designation is proper. This agreement does not foreclose a party from later moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an order that such document or thing has been improperly designated or should be produced.

      **H.**      **<u>Protective Orders</u>**

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

To the extent that a party deems a protective order necessary in connection with a particular discovery response, the parties will work in good faith to negotiate one, and then seek court intervention as needed.

      **I.**      **<u>Anticipated Issues Requiring Court Intervention</u>**

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

Plaintiffs contend that the topics they list in Section 12(b) of this Civil Case Management Plan as anticipated discovery issues are relevant to the remaining claim in this matter, and proportional to the needs of this case as well. Plaintiffs further contend that such information is readily accessible to Defendants and is important in resolving the remaining claim on summary judgment.

Defendants contend that the depositions of the named defendants are unnecessary, since the defendants are sued in their official capacities. Instead, to the extent depositions are conducted, the defendants respectfully request that they be permitted to identify a person/people with the appropriate requisite knowledge to provide such deposition testimony.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

At this time, the parties do not believe that a trial is necessary to resolve and reach a final judgment in this matter.


**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

*Slattery, et. al v. Cuomo, et. al*, **1:20-cv-00112 (TJM-DJS).** In that case Defendants have filed a motion to dismiss, and briefing on that motion was completed as of July 1, 2020. The motion is currently pending before Judge McAvoy.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

      **1    2    3    4    5    6    7    8    9    10**

      **(VERY UNLIKELY)                  (LIKELY)**

      **HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

Given the irreconcilable legal positions occupied by the parties at this time, they do not believe that settlement is possible or can be assisted in any way.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE -** *Subject to Mandatory Mediation under General Order #47.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

    A.    Reviewed General Order #47?
              **YES**    NO

    B.    Reviewed the List of Court Approved Mediators available on the NYND website?
              **YES**    NO

    C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program.
              **YES**    NO

   D.  Discussed the time frame needed to complete Mandatory Mediation?
      **YES**  NO

**It is the parties' position, given the irreconcilable legal positions staked out in this litigation, that mediation has no reasonable chance of success and would actually impede the progress of this case toward a swift resolution, and they therefore intend to request that the Court grant them an opt out to the program.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on September 29, 2020, via teleconference, with the participation of: Ken Connelly, of Alliance Defending Freedom, for Plaintiffs, and Adrienne Kerwin, with the Attorney General of the State of New York, for defendants Andrew Cuomo, Roberta Reardon, and Letitia James.

| | |
|---|---|
| s/ *Ken Connelly* | s/ *Adrienne J. Kerwin* |
| Ken Connelly, Esq. | Adrienne J. Kerwin, Esq. |
| Alliance Defending Freedom | Assistant Attorney General |
| Attorney for Plaintiff | Attorney for Defendants |
| 15100 N 90th St | The Capitol |
| Scottsdale, AZ 85260 | Albany, NY 12224 |
| Telephone: (480) 444-0020 | Telephone: (518) 776-2608 |

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).