UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COMPASSCARE, a New York nonprofit corporation; NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES d/b/a NIFLA, a Virginia corporation; FIRST BIBLE BAPTIST CHURCH, a New York nonprofit corporation,

        *Plaintiffs*,

-against-

ANDREW M. CUOMO, in his official capacity as the Governor of the State of New York; ROBERTA REARDON, in her official capacity as the Commissioner of the Labor Department of the State of New York; and LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,

        *Defendants*.

19-CV-1409

TJM/DJS

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

        LETITIA JAMES
        Attorney General
        State of New York
        Attorney for Defendants
         Andrew M. Cuomo, Roberta Reardon, and
        Letitia James
        The Capitol
        Albany, New York  12224

Adrienne J. Kerwin
Assistant Attorney General, of Counsel
Bar Roll No. 105154
Telephone:  (518) 776-2608
Fax:  (518) 915-7738 (Not for service of papers)        Date: May 21, 2021

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

PROCEDURAL HISTORY....................................................................................................... 3

STANDARD OF REVIEW ....................................................................................................... 4

ARGUMENT ............................................................................................................................. 5

    THE NOTICE PROVISION DOES NOT UNCONSTITUTIONALLY BURDEN
        PLAINTIFFS' FIRST AMENDMENT RIGHT TO FREE SPEECH..................... 5

        A. The Information Transmitted by the Notice Provision is Not
           Unconstitutionally Compelled Speech Because It is a Factual
           Statement of Employees' Rights Not Attributable to the Employer................. 6

        B. The Notice Provision is Narrowly Tailored to Advance Compelling
           State Interests ..................................................................................................... 8

CONCLUSION........................................................................................................................ 15

## **TABLE OF AUTHORITIES**

**CASES** Page(s)

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................4

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................................................4

*CompassCare v. Cuomo*,
    465 F. Supp. 3d 122 (N.D.N.Y. 2020) ............................................................... passim

*Congregation Rabbinical College of Tartikov,*
    138 F.Supp.3d 352 (S.D.N.Y. 2015).........................................................................6

*Eisenstadt v. Baird*,
    405 U.S. 438 (1972)..................................................................................................1

*Evergreen Ass'n v. City of New York*,
    740 F.3d 233 (2d Cir. 2014)...................................................................................8, 9

*Griswold v. Connecticut*,
    381 U.S. 479 (1965)..................................................................................................1

*Kerzer v. Kingly Mfg.*,
    156 F.3d 396 (2d Cir. 1998).....................................................................................5

*Lawrence v. Texas*,
    539 U.S. 558 (2003)..................................................................................................1

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986).............................................................................................4-5, 7

*Nat'l Inst. of Family & Life Advocates v. Becerra*,
    138 S.Ct. 2361 (2018)...................................................................................... 7, 12-14

*National Elec. Mfrs. Ass'n. v. Sorrell*,
    272 F.3d 104 (2d Cir. 2001).....................................................................................7

*New York State Rest. Ass'n v. N.Y. City Bd. of Health*,
    556 F.3d 114 (2d Cir. 2009).....................................................................................7

*Obergefell v. Hodges*,
    576 U.S. 644 (2015)..................................................................................................1

*Restaurant Law Ctr. v. City of New York*,
    360 F. Supp.3d 192 (S.D.N.Y. 2019).............................................................6, 10, 11

*Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*,
   547 U.S. 47 (2006) ............................................................................................................ 5, 6

*Salahuddin v. Goord*,
   467 F.3d 263 (2d Cir. 2006) ..................................................................................................... 5

*West Virginia State Bd. of Ed. v. Barnette*,
   319 U.S. 624 (1943) .................................................................................................................. 5

*Wooley v. Maynard*,
   430 U.S. 705 (1977) .................................................................................................................. 5

**U.S. CONSTITUTION**

First Amendment ................................................................................................................ passim

Fourteenth Amendment ................................................................................................................ 3

**STATE STATUTES**

N.Y. Labor Law
   § 27-c(2) ................................................................................................................................... 11
   § 27-c(4) ................................................................................................................................... 11
   § 195 .......................................................................................................................................... 8
   § 201-g ...................................................................................................................................... 8
   § 203-e ............................................................................................................................. passim
   § 203-e(1) .................................................................................................................................. 2
   § 203-e(2)(a) ............................................................................................................................. 2
   § 203-e(2)(b) ............................................................................................................................. 2
   § 203-e(4) .................................................................................................................................. 3
   § 203-e(6) ......................................................................................................................... passim
   § 206-a ...................................................................................................................................... 6
   § 218-b(3) ................................................................................................................................ 11
   § 218-b(6) ................................................................................................................................ 11
   § 876 .......................................................................................................................................... 8

**STATE REGULATIONS**

9 N.Y.C.R.R.
   § 466.1 ................................................................................................................................. 8, 14

12 N.Y.C.R.R.
   § 142-2.8 ................................................................................................................................. 10

**RULES**

Fed. R. Civ. P. 56 ..................................................................................................................... 1, 4

Defendants Governor Andrew M. Cuomo ("the Governor" or "Governor Cuomo"), Department of Labor ("DOL") Commissioner Roberta Reardon, and Attorney General Letitia James (collectively "Defendants") respectfully submit this memorandum of law in support of Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

## PRELIMINARY STATEMENT

Personal choices concerning reproductive health decisions involve the constitutional rights to privacy, contraception, family relationships, procreation, and childrearing, *See, e.g.*, *Obergefell v. Hodges*, 576 U.S. 644, 665–66 (2015) (finding right of same-sex couples to marry); *Lawrence v. Texas*, 539 U.S. 558, 573-574 (2003) (discussing cases protecting personal decisions relating to, inter alia, contraception and sexuality); *Eisenstadt v. Baird*, 405 U.S. 438, 453–54, (1972) (right to contraception); *Griswold v. Connecticut*, 381 U.S. 479, 484–86 (1965) (finding right to privacy).

In November 2019, New York State enacted legislation to ensure that employees, and their dependents, be free from discrimination when exercising these long-recognized rights. N.Y. Labor Law § 203-e ("the statute" or "§ 203-e"). The statute includes a notice provision requiring employers who provide a handbook to include such a provision in such handbook that note employees' rights under the statute. N.Y. Lab. Law § 203-e (6) (the "notice provision").

Plaintiffs, CompassCare, National Institute of Family and Life Advocates ("NIFLA"), and First Bible Baptist Church ("First Bible"), challenge the handbook notice provision, alleging that it violates their First Amendment right to free speech. ECF No. 1 ("Compl."), ¶ 27. The Court has dismissed all other challenges by Plaintiffs to the statute. ECF No. 27; *CompassCare v. Cuomo*, 465 F. Supp. 3d 122, 149-150 (N.D.N.Y. 2020).

1

**STATEMENT OF FACTS**

Labor Law § 203-e was enacted to "prohibit employers from discriminating against employees based on the employees' or dependents' reproductive health decisions, and to provide remedies for such violations." ECF Nos. 1-4 at p. 5 & 1-5 at p. 6. The statute furthers several other legitimate, important, and compelling state interests. Specifically, it furthers the State's longstanding interest in protecting individuals' rights to make private health care and family planning decisions, including whether to use contraception or end a pregnancy. *Id.* *See also CompassCare,* 465 F. Supp. 3d at 149-150. Additionally, it furthers the State's interest in protecting individuals' privacy in their medical records and health information. ECF Nos. 1-4 at p. 5 & 1-5 at p. 6; *CompassCare*, 465 F. Supp. 3d at 149-150. Finally, it furthers the State's interest in ensuring that employees are aware of their rights in the workplace. ECF Nos. 1-4 at p. 5 & 1-5 at p. 6.

Toward these ends, the statute prohibits all employers from: (1) "accessing an employee's personal information regarding the employee's or the employee's dependent's reproductive health decision making, including but not limited to, the decision to use or access a particular drug, device or medical service without the employee's prior informed affirmative written consent;" or (2) discriminating, or taking "any retaliatory personnel action against an employee with respect to compensation, terms, conditions, or privileges of employment because of or on the basis of the employee's or dependent's reproductive health decision making, including, but not limited to, a decision to use or access a particular drug, device or medical service." N.Y. Labor Law § 203-e(1) & (2)(a). Additionally, an employer may not "require an employee to sign a waiver or other document which purports to deny an employee the right to make their own reproductive health care decisions, including use of a particular drug, device, or medical service." *Id.* at § 203-e(2)(b).

Further, if an employer "provides an employee handbook to its employees," it must "include in its handbook notice of" these rights. *Id*. at § 203-e(6). The statute provides for a private right of action to employees harmed by violations of the statute. *Id.* at § 203-e(4).

Plaintiffs are three employers who refuse to hire, or continue to employ, employees who have had an abortion or use birth control or have dependents who have done so. Plaintiff CompassCare has an employee handbook that includes recitations of various employee rights, including the right to be free from certain types of discrimination and harassment, but does not include notice of employees' rights under § 203-e.[1] Declaration of Adrienne J. Kerwin ("Kerwin Decl."), Exh. A. Plaintiff NIFLA's "Model Employee Handbook" includes provisions similar to those in CompassCare's handbook, and also omits a notice of § 203-e rights. Kerwin Decl., Exh. B. Plaintiff First Bible does not currently have an employee handbook. Kerwin Decl., Exh. E, p. 6.

## PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a Complaint against the Defendants on November 14, 2019, alleging that § 203-e violates their First Amendment rights to (1) the free exercise of religion, (2) religious autonomy, (3) free speech and (4) expressive association, and is unconstitutionally vague under the Fourteenth Amendment. ECF No. 1. On December 19, 2019, Plaintiffs filed a Motion for a Preliminary Injunction seeking to enjoin the enforcement of § 203-e. ECF No. 17. In response, Defendants opposed the motion and simultaneously cross-moved to dismiss the complaint. ECF No. 19.

---

[1] CompassCare also has an "Employee/Volunteer Manual: Policy and Procedure" that contains similar provisions. Kerwin Decl. Exh. C.

In its Decision and Order dated June 5, 2020, ECF No. 27, the court granted Defendants' motion to dismiss all of Plaintiffs' claims except the free speech challenge to the notice provision in §203-e(6) and granted Plaintiffs' motion for a preliminary injunction enjoining enforcement of the notice provision while denying that motion in all other respects. *CompassCare v. Cuomo*, 465 F. Supp. 3d 122 (N.D.N.Y. 2020). In so ruling, the court accepted Plaintiffs' argument that the notice provision is subject to strict scrutiny review. *Id*. at 159. For the reasons outlined below, the notice provision should be subject to rational basis review because it is simply a factual statement of employees' rights not attributable to the employer. Further, even assuming strict scrutiny applies, the notice provision passes constitutional muster under that standard.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law…. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. The movant bears the initial burden of showing that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 323. If this initial burden is met, the opposing party must show that there is a material dispute of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

Although the evidence and reasonable inferences should be construed in favor of the non-movant, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

585-86 (1986). To defeat a motion for summary judgment, the non-movant must point to specific evidence showing a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006). "Conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted).

Based on the undisputed record evidence, Defendants are entitled to summary judgment on Plaintiffs' one remaining claim.

## ARGUMENT

### THE NOTICE PROVISION DOES NOT UNCONSTITUTIONALLY BURDEN PLAINTIFFS' FIRST AMENDMENT RIGHT TO FREE SPEECH

The First Amendment's free speech protections extend to "the right to refrain from speaking." *Wooley v. Maynard,* 430 U.S. 705, 714 (1977). The First Amendment further protects against government-compelled speech or expressive conduct. *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.,* 547 U.S. 47, 61 (2006); *West Virginia State Bd. of Ed. v. Barnette,* 319 U.S. 624, 642 (1943)). Thus, when the government requires an individual to "personally speak a governmental message or require[s] an individual 'to host or accommodate another speaker's message,'" the imposition on speech must be narrowly tailored to protect a compelling government interest. *Rumsfeld,* 547 U.S. at 63.

Plaintiffs allege that § 203-e(6) compels them to endorse the use of contraception and abortion by requiring that employers include language outlining the protections of § 203-e in an employee handbook, if they choose to have one. Compl. ¶¶ 267-268. However, instead of "compel[ling] Plaintiffs to encourage their employees to utilize the statute," Compl. ¶ 267, the notice provision merely requires language informing employees of their rights under the statute. It is not unconstitutionally compelled speech. First, a recitation of an employee's legal rights – which is all that is compelled by the notice provision – does not amount to speech attributable to

5

the employer. Instead, it is a mere disclosure of accurate factual information, and need only be supported by a rational basis. Second, even if, *arguendo*, strict scrutiny applies, the notice provision does not burden substantially more speech than necessary to further compelling state interests.

### A. The Information Transmitted by the Notice Provision is Not Unconstitutionally Compelled Speech Because It is a Factual Statement of Employees' Rights Not Attributable to the Employer

The notice requirement only compels the inclusion of language informing employees of their rights under the statute and does not, as characterized by the plaintiffs, "compel Plaintiffs to encourage their employees to utilize the statute." Compl. ¶ 267. While the required handbook notice may not be something that the plaintiffs would voluntarily include in employee handbooks, it is not unconstitutionally-compelled speech.

"Under the First Amendment, an entity's mere transmission of others' speech does not necessarily constitute speech of that entity." *Restaurant Law Ctr. v. City of New York*, 360 F. Supp.3d 192, 210 (S.D.N.Y. 2019). There can only be a First Amendment violation in such situations where "the complaining speaker's own message was affected by the speech it was forced to accommodate.'" *Id*. at 212 (quoting *Rumsfeld*, 547 U.S. at 63).

Section 203-e, including the notice provision, applies to all employers and, therefore, its applicability is not based on the content of an employer's speech. *Congregation Rabbinical College of Tartikov*, 138 F.Supp.3d 352, 426 (S.D.N.Y. 2015). Additionally, the statute was enacted to protect individuals' rights to privacy and autonomy and prohibit discrimination and ensure that employees are aware of these rights. ECF Nos. 1-4 at p. 5 & 1-5 at p. 6; *CompassCare*, 465 F. Supp. 3d at 149-150. The notice provision furthers these state interests and does not violate the First Amendment right to free speech.

The notice provision simply informs employees of actions that may not legally be taken by their employers. N.Y. Labor Law § 203-e(6). It does not provide any information, whatsoever, about whether or not the employee should use contraception or have an abortion or instruct the employee how to engage in these personal privacy matters. *Id*.; *Cf. Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S.Ct. 2361 (2018) ("*NIFLA*") (notice provision was found to "alter the content" of petitioner's speech because it informed "women how they can obtain state-subsidized abortions—at the same time petitioners try to dissuade women from choosing that option"). Additionally, the notice provision does not dictate or affect Plaintiffs' ability to convey its anti-abortion/contraception message – or any other message. Declaration of Maura McCann ("McCann Decl."), ¶ 4.

Instead of advocating any position, the notice provision simply requires employers to state factual and accurate information, and does not dictate the words to be used. McCann Decl., ¶¶ 1-3. "[M]andated disclosure of accurate, factual…information does not offend the core First Amendment values of promoting efficient exchange of information or protecting individual liberty interests." *National Elec. Mfrs. Ass'n. v. Sorrell*, 272 F.3d 104, 114 (2d Cir. 2001). The "individual liberty interests" that "may be impaired when personal or political speech is mandated by the state," are not typically affected by compelled disclosure of accurate factual information. *Id*. Therefore, compelled speech that is accurate and factual in nature need only satisfy the rational basis standard. *Id*. at 115.

While cases discussing compelled disclosure of accurate and factual information tend to be in the commercial context, *see e.g., id*. at 107 (compelling label language that product contains mercury); *New York State Rest. Ass'n v. N.Y. City Bd. of Health*, 556 F.3d 114, 117 (2d Cir. 2009) (compelling chain restaurants to post calorie content information on menus and boards), the same

7

principles apply in the employer-employee context. Employers are routinely required to inform employees of certain accurate factual information, such as (1) policies to prevent sexual harassment, N.Y. Labor Law § 201-g (requiring employer disclosure to employees); (2) information about how, what and when employees will be paid, *id*. at § 195 (requiring employer to disclose information to employees); (3) employees' rights related to toxic substances in the workplace, *id*. at § 876 (requiring employer to post notice of rights in the workplace); (4) rights during a physical examination, *id*. at § 206-a (requiring employer to post notice of rights); and (5) rights under the Human Rights Law. 9 N.Y.C.R.R. § 466.1 (requiring employer to post employees' rights under the Human Rights Law).[2]  McCann Decl., ¶¶ 11-15.  Compelled disclosures of such accurate factual information by employers should be subject to the same standard as those in the commercial context; they should be rationally related to a legitimate state interest. There are no cases to the contrary. The notice provision satisfies this standard.

**B. The Notice Provision is Narrowly Tailored to Advance Compelling State Interests**

Even if, *arguendo*, the notice provision is subject to strict scrutiny, it satisfies that standard on the record. To determine if a law satisfies the strict scrutiny standard, "a court considers 'whether a law is narrowly drawn to serve a compelling governmental interest.'" *CompassCare v. Cuomo*, 465 F. Supp. 3d 122, 155 (N.D.N.Y. 2020) (quoting *Evergreen Ass'n v. City of New York*, 740 F.3d 233, 245 (2d Cir. 2014)). While a statute subject to strict scrutiny "must use the least restrictive means to achieve its ends," *Evergreen Ass'n*, 740 F.3d at 245 (quoting *United States v. Playboy Entm't Group*, 529 U.S. 803, 813 (2000)), the First Amendment requires that a balancing

---

[2] *See also* https://dol.ny.gov/posting-requirements-0 (non-exhaustive list of compelled employer disclosures).

8

of the interests implicated by the statute be undertaken. *CompassCare*, 465 F. Supp. 3d at 155-156.

Section 203-e advances several important legitimate and compelling state interests: (1) the state's interest in prohibiting discrimination by employers; (2) the state's longstanding interest in protecting individuals' rights to make private health care and family planning decisions, including whether to use contraception or end a pregnancy; and (3) the state's interest in protecting the confidentiality of individuals' medical records and health information. *CompassCare*, 465 F. Supp. 3d at 149-150. The notice requirement of the statute also furthers the state's interest in ensuring that employees are aware of their rights in the workplace. These interests are all unrelated to speech.

A strict scrutiny analysis requires that these compelling state interests be balanced against Plaintiffs' interests in not including a notice of employees' rights under § 203-e within an employee handbook. *Evergreen Ass'n*, 750 F.3d at 247 ("The First Amendment is concerned with a *balancing* of interests." (emphasis in original)). When so balanced, the notice requirement does not burden substantially more speech than necessary to further the state's interests.

In determining that Plaintiffs were likely to succeed on their claim that the notice provision unconstitutionally compels speech, the court acknowledged that § 203-e(6) "does not force the Plaintiffs to read a message that implicitly attacks their views on abortion and contraception to the patients that they are trying to convince to choose life" and "the language of the notice does not undermine that mission." CompassCare, 645 F.Supp.3d at 158. Nonetheless, the Court held that "the notice could be interpreted to inform employees that their employer's views on these issues are contradicted by the State's views." *Id*. Based on this determination alone, the Court found that the notice requirement is not narrowly tailored. *Id*.

An employer does not have a First Amendment right to prevent employees from knowing that State law is contrary to the employer's beliefs. Plaintiffs have no protectable right to not advise employees of existing rights. For instance, an employer who disagrees with the minimum wage law does not have a First Amendment right not to advise its employees of the law. In fact, rights under the minimum wage law must be posted in the workplace. 12 N.Y.C.R.R. §142-2.8.

Plaintiffs' real objection in this case is to the rights afforded under § 203-e, not about having to inform employees of those rights. ECF No. 1, ¶¶ 3-4, 22-25, 81-83, 85-93, 106, 130-132, 140. They do not want to employ someone who has used contraception or had an abortion. However, the law prohibits such discrimination. *Id*. The Court has already ruled that this challenge cannot be sustained. *CompassCare*, 465 F.Supp. 3d at 159-161.

Therefore, as this Court has already determined, Plaintiffs' message is not affected by the notice provision, *id.* at 158, 161, and the free speech analysis must end. *Restaurant Law Ctr.*, 360 F. Supp. 3d at 210. Notwithstanding, the notice provision withstands a strict scrutiny analysis because it permits employers to say as little as possible – or nothing at all – about rights afforded to employees by the Legislature, and permits that it be done in a non-public way inaccessible to clients seeking the services of the Plaintiffs.

First, the notice provision does not require employers to publicly post anything about § 203-e, thereby necessarily limiting access to the notice only to employees. McCann Decl., ¶ 16. The notice provision ensures that no one other than the employer's workers sees or learns of information that relates to employee reproductive rights. *Id*., ¶¶ 16-18. It permits the employer to limit the audience of the notice to ensure that no one accessing or evaluating the services of the employer can draw an opinion that the employer endorses any particular reproductive health care decision. *Id*. Placing the notice in a non-public space, and in a document only referred to by

10

employees intermittently as needed, ensures that no one visiting the workplace – such as pregnant women seeking services at CompassCare or parishioners at First Bible – is made aware by those entities that their employees are protected by § 203-e[3]. *Id*.

Second, the notice provision requires only that the handbook include "notice of employee rights and remedies" under § 203-e.  N.Y. Labor Law § 203-e(6).  This requirement does not force the employer to take any position about the rights afforded under the statute and, instead, requires only inclusion of an accurate factual statement about those rights. McCann Decl., ¶ 10.  Section 203-e(6) does not dictate how that notice is given, or any particular language. *Id*.  It does not limit what else an employer may say in its handbook about contraception, abortion or any other reproductive health care topic.  *Id*.  *See Restaurant Law Ctr.*, 360 F. Supp. 3d at 213 (the law did "not interfere with…employers' ability to communicate their own message…[E]mployers are free to donate to causes they support, and to indicate their disagreement with the policies of organizations that their employees donate to.").

For instance, to comply with § 203-e(6), the notice need say nothing more than that the New York Labor Law prohibits employers from discriminating or taking any retaliatory personnel action against an employee on the basis of the employee's or dependent's reproductive health decision making, and an employee may take legal action to enforce those rights.[4]  Nothing prevents an employer from locating the notice in its handbook near a statement on the employer's own stance or beliefs about reproductive decisions such as abortion and birth control use.

---

[3] Notably, two recent statutes—N.Y. Labor Law § 27-c(2) and § 218-b(3)—contain similar handbook notice provisions, but those statutes also require that the rights afforded by those statutes be posted in the workplace as well. *See* N.Y. Labor Law § 27-c(4) & § 218-b(6).

[4] In its June 5, 2020 Decision and Order, the Court stated that it presumed that, to comply with § 203-e(6), an employer must specifically outline each subsection of the statute.  *CompassCare*, 465 F. Supp. 3d at 156.  DOL clarifies its position on this issue on this record.

11

Finally, the notice provision only applies to employers who have employee handbooks. McCann Decl., ¶¶ 10, 19. N.Y. Labor Law § 203-e(6). It does not require employers who do not have handbooks—like First Bible—to say anything about § 203-e to employees. Section 203-e(6) provides an avenue by which an employer can avoid informing its employees about their rights under the statute altogether – by not having an employee handbook. What the statute does not permit, however, is employers to have employee handbooks – which employees reasonably believe are a source to which to they may refer about workplace rights – and then not include the rights afforded under § 203-e in that handbook. McCann Decl., ¶¶ 12-17. To do so would be akin to misleading employees into believing that the right not to be discriminated or retaliated against based on reproductive health decision making does not exist. *Id.* at ¶ 17. When these interests are balanced, §203-e is sufficiently tailored.

This conclusion is consistent with the Supreme Court's holding in *NIFLA*. The notice at issue in that case, held to be unconstitutional compelled speech, stated "'California has public programs that provide immediate free or low-cost access to comprehensive family planning services (including all FDA-approved methods of contraception, prenatal care, and abortion for eligible women. To determine whether you qualify, contact the county social services office at [insert telephone number].'" *Id*. at 2369. This notice was required to be "posted in the waiting room, printed and distributed to all clients, or provided digitally at check in" at crisis pregnancy centers, including pro-life entities. *Id.*

As this Court noted in its June 5, 2020 Decision and Order, § 203-e(6) is highly dissimilar to the notice provision in *NIFLA*. *CompassCare,* 465 F. Supp. 3d at 157-159. Specific language and details were required to be included in the *NIFLA* notice; namely, licensed crisis pregnancy centers were compelled to "notify women that California provides free or low-cost services,

12

including abortions, and give them a phone number to call." *NIFLA*, 138 S.Ct. at 2369; *see also id*. at 2371, 2376. Conversely, § 203-e(6) does not dictate the language or form that the notice of rights must take. N.Y. Labor Law § 203-e(6); *CompassCare*, 465 F. Supp.3d at 158 (the "content of the notice is also dissimilar" and "does not mention abortion or contraception"). McCann Decl., ¶ 10.

Additionally, the notice in *NIFLA* was directed at the public and, more specifically, at people present at the pro-life clinic seeking services. *NIFLA*, 138 S.Ct. at 2369. The § 203-e notice provision, as an employee rights statute, is directed only to employees. N.Y. Labor Law § 203-e(3); *CompassCare*, 465 F. Supp. 3d at 158 (the "audience in this case is Plaintiffs' employees"); McCann Decl., ¶¶ 13-18. The notice in *NIFLA* was required to be posted, handed or made digitally available so that it could be viewed by everyone seeking services at the clinics. *NIFLA*, 138 S.Ct. at 2369. Here, the notice provision need only be included in a document given to and accessible by employees, and not the public at large or, more specifically, members of the public seeking services from a particular entity. N.Y. Labor Law § 203-e(6); McCann Decl. ¶¶ 13-18. Further, there was no avenue by which the pro-life clinics in *NIFLA* could avoid posting the notice. *NIFLA*, 138 S.Ct. at 2369. If an employer does not want to inform its employees of their rights under § 203-e, it can simply decline to have an employee handbook. McCann Decl., ¶¶ 10, 19; N.Y. Labor Law § 203-e(6).

Notwithstanding, and acknowledging, these differences, the court held that § 203-e(6) "is not the least restrictive means available to inform Plaintiffs' employees of their rights" under the statute because, *inter alia*, the "State could publicize the rights available under the statute with other information concerning employment discrimination laws separate from the Plaintiffs' handbooks." *CompassCare*, 465 F. Supp. 3d at 158-159. In reality, the opposite is true.

Unlike the notice in *NIFLA*, or the various notices that employers must conspicuously post in the workplace to comply with New York Labor Law, McCann Decl., ¶¶ 11-15, § 203-e does not require public posting accessible to clients of the Plaintiffs. *Id.*, ¶ 16. Among the ways that the state publicizes "other information concerning employment discrimination laws" is requiring employers to post employees' rights under the Human Rights Law in the work place. 9 N.Y.C.R.R. § 466.1. Every employer must "post and maintain at its offices, places of employment or employment training centers, notices furnished by the Division of Human Rights, indicating the substantive provisions of the Human Rights Law, the place where complaints may be filed and such other information as the Division of Human Rights deems prudent. *Id.*, § 466.1(a). The notice "must be posted conspicuously in easily accessible and well-lighted places customarily frequented by employees and applicants for employment and at or near each location where the [employees'] services are performed…" *Id.*, § 466.1(b).

The notice provision in § 203-e(6) is far narrower than this posting requirement. It does not require the use of specific language. And it need not be posted at all, much less conspicuously throughout the work space.[5]

Based on the foregoing, § 203-e is narrowly tailored to ensure that employees are not misled by their employer about their rights under § 203-e while balancing the employer's potential objection to posting information about reproductive healthcare decisions in the workplace.

---

[5] However, like the posting requirement of 9 N.Y.C.R.R. § 466.1, § 203-e(6) is merely a notice of existing rights, and does not indicate, in any way, that Plaintiffs agree with the granting of the underlying rights. It merely alerts employees that a right, as determined by someone other than the employer, exists.

## CONCLUSION

For the reasons discussed above, Defendants' motion for summary judgment should be granted in its entirety, and the preliminary injunction vacated.

Dated: Albany, New York
May 21, 2021

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York
                                        Attorney for Defendants
                                        Andrew M. Cuomo, Roberta Reardon, and
                                        Letitia James
                                        The Capitol
                                        Albany, New York  12224

                                      By: *s/ Adrienne J. Kerwin*
                                        Adrienne J. Kerwin
                                        Assistant Attorney General, of Counsel
                                        Bar Roll No. 105154
                                        Telephone:  (518) 776-2608
                                        Fax:  (518) 915-7738 (Not for service of papers)
                                        Email: Adrienne.Kerwin@ag.ny.gov

TO:    Kenneth Connelly, Esq. (via ECF)
          David A. Cortman, Esq. (via ECF)
          Kevin Theriot, Esq. (via ECF)
          James P. Trainor, Esq. (via ECF)