UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COMPASSCARE, a New York nonprofit corporation;
NATIONAL INSTITUTE OF FAMILY AND LIFE
ADVOCATES d/b/a NIFLA, a Virginia corporation;
FIRST BIBLE BAPTIST CHURCH, a New York nonprofit
corporation,

         *Plaintiffs*,

-against-

KATHY HOCHUL, in her official capacity as the Governor of the State of New York; ROBERTA REARDON, in her official capacity as the Commissioner of the Labor Department of the State of New York; and LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,

         *Defendants*.

19-CV-1409

AMN/DJS

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' EXPRESSIVE ASSOCIATION CLAIM**

        LETITIA JAMES
        New York State Attorney General
        Attorney for Defendants Kathy Hochul, Roberta
         Reardon and Letitia James in their
         official capacities
        The Capitol
        Albany, New York  12224

Adrienne J. Kerwin
Assistant Attorney General
Bar Roll No. 105154
Telephone:  (518) 776-2608
Fax:  (518) 915-7738 (Not for service of papers)      Date: March 13, 2025

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

LABOR LAW §203-E………………………………………………………………………….2

PROCEDURAL BACKGROUND……………………………………………………………..3

FACTS AS ALLEGED IN THE COMPLAINT………………………………………………4

STANDARD OF REVIEW……………………………………………………………………..6

ARGUMENT…………………………………………………………………………………...7

    NO PLAINTIFF STATES AN EXPRESSIVE ASSOCIATION CLAIM……………………………………………………………………………7

CONCLUSION………………………………………………………………………………..12

This Memorandum of Law is submitted on behalf of Defendants Kathy Hochul, in her official capacity as Governor of the State of New York, Roberta Reardon in her official capacity as Commissioner of the New York State Department of Labor, and Letitia James in her official capacity as New York State Attorney General (collectively Defendants) pursuant to the direction of the United States Court of Appeals for the Second Circuit, Order, ECF No. 61; Mandate, ECF No. 65, in support of Defendants' Motion to Dismiss Plaintiffs' expressive association claims. Defendants' Cross-Motion to Dismiss, ECF No. 19.

## PRELIMINARY STATEMENT

In *Slattery v. Hochul*, the Second Circuit held that an employer may have an expressive association claim only when a law "forces [the employer] to employ individuals who act or have acted against the *very mission* of its organization." 61 F. 4th 278, 288 (2d Cir. 2023) (emphasis added). Thereafter, on appeal from this Court's earlier Judgment, the Second Circuit also clarified that "[t]here are meaningful differences between relationships among members of voluntary organizations and relationships between employers and employees." *CompassCare v. Hochul*, 2025 U.S. App. LEXIS *6, *17 (2d Cir. Jan. 2, 2025). The Court held that only a plaintiff employer that alleges with specificity that a law requiring a particular employment decision threatens its *very mission* sufficiently states an expressive association claim. *Id.* at *23.

Plaintiffs in this case, CompassCare, National Institute of Family and Life Advocates (NIFLA) and First Bible Baptist Church (First Bible), each allege that they have certain religious views that preclude them from complying with Labor Law § 203-e, which was enacted to prohibit employment discrimination based on private reproductive health care decisions made by employees and their dependents. N.Y. Labor Law § 203-e. However, the Complaint fails to include

1

sufficient facts to satisfy the standard set forth in *Slattery*, as explained by the Second Circuit on appeal here, to state an expressive association claim on behalf of any Plaintiff.

## LABOR LAW § 203-E

Labor Law § 203-e (§ 203-e or the statute) was enacted to "prohibit employers from discriminating against employees based on the employees' or dependents' reproductive health decisions, and to provide remedies for such violations." N.Y.S. Assembly Memorandum in Support of Legislation, ECF No. 1-4 at 5; N.Y.S. Senate Sponsor Memo, ECF No. 1-5 at 6. Specifically, it prohibits all employers from: (1) "accessing an employee's personal information regarding the employee's or the employee's dependent's reproductive health decision making, including but not limited to, the decision to use or access a particular drug, device or medical service without the employee's prior informed affirmative written consent," N.Y. Labor Law § 203-e (1); or (2) discriminating, or taking "any retaliatory personnel action against an employee with respect to compensation, terms, conditions, or privileges of employment because of or on the basis of the employee's or dependent's reproductive health decision making, including, but not limited to, a decision to use or access a particular drug, device or medical service." *Id*. at § 203-e (2)(a). Additionally, an employer may not "require an employee to sign a waiver or other document which purports to deny an employee the right to make their own reproductive health care decisions, including use of a particular drug, device, or medical service." *Id*. at § 203-e (2)(b). Further, if an employer "provides an employee handbook to its employees," it must "include in its handbook notice of" these rights (Notice Provision). *Id*. at § 203-e (3).

## PROCEDURAL BACKGROUND

Plaintiffs commenced this action against Defendants alleging that § 203-e violates their First Amendment rights to (1) the free exercise of religion, (2) religious autonomy, (3) free speech and (4) expressive association, and is unconstitutionally vague under the Fourteenth Amendment. Complaint, ECF No. 1 (Compl.). Thereafter, Plaintiffs filed a Motion for a Preliminary Injunction seeking to enjoin the enforcement of § 203-e. Plaintiffs' Motion for a Preliminary Injunction, ECF No. 17. In response, Defendants opposed the motion and simultaneously cross-moved to dismiss the Complaint. Defendants' Cross-Motion to Dismiss, ECF No. 19.

In a Decision and Order dated June 5, 2020, the Court granted Defendants' Cross-Motion to Dismiss all of Plaintiffs' claims except a free speech challenge to the Notice Provision and granted Plaintiffs' Motion for a Preliminary Injunction enjoining enforcement of the Notice Provision while denying that motion in all other respects. *CompassCare v. Cuomo*, 465 F. Supp. 3d 122 (N.D.N.Y. 2020). In so ruling, the Court accepted Plaintiffs' argument that the Notice Provision is subject to strict scrutiny review. *Id*. at 159.

Following discovery, the parties cross-moved for summary judgment on Plaintiffs' claim that the Notice Provision violated Plaintiffs' right to free speech. Defendants' Motion for Summary Judgment, ECF No. 43; Plaintiffs' Motion for Summary Judgment, ECF No. 44. By Decision and Order dated March 29, 2022, the Court granted Plaintiffs' motion in its entirety and permanently enjoined the enforcement of the Notice Provision against Plaintiffs. *CompassCare v. Cuomo,* 594 F. Supp. 3d 515 (N.D.N.Y. 2022). The parties cross-appealed from the Court's final Judgment. Plaintiffs' Notice of Appeal, ECF No. 57; Defendants' Notice of Cross-Appeal, ECF No. 59.

On appeal, the Second Circuit vacated the injunction prohibiting enforcement of the Notice Provision, finding that the Notice Provision is subject to rational basis review, and that it satisfies that standard. *CompassCare v. Hochul*, 2025 U.S. App. LEXIS at **28, 34. The Court also vacated the dismissal of Plaintiffs' expressive association claim in light of its holding in *Slattery v. Hochul*, and remanded the case the District Court to determine (1) whether the Complaint alleges an expressive association claim on behalf of any of the Plaintiffs consistent with the Second Circuit's decisions in *Slattery* and *CompassCare,* and, if so, (2) whether the Notice Provision should apply to any Plaintiff that states such a claim. *Id*. at **23, 35.

### FACTS AS ALLEGED IN THE COMPLAINT

The Complaint alleges that Plaintiff CompassCare is a non-profit "pregnancy care center" that provides pregnancy-related clinical testing, information and "counseling" to women considering abortion. Compl. ¶¶ 55, 56, 58, 59-63. CompassCare also "provides training and tools to other pregnancy care centers," maintains websites and a blog, and "broadcasts its pro-life message through radio segments and television spots." *Id*. ¶¶ 95, 96.

CompassCare "does not recommend, provide, or refer for abortions or abortifacient drugs or devices," or "provide or refer patients for birth control in any form," because abortion and birth control use are contrary to its religious beliefs. *Id*. ¶¶ 65-80. Accordingly, CompassCare, through its employee handbook, requires its employees to agree not to, *inter alia*, have an abortion or use contraception. *Id.* ¶¶ 81-93; *see also CompassCare v. Hochul*, 2025 U.S. App. at **5-7 (setting forth the allegations in the Complaint about CompassCare). The Complaint does not allege any positions held by any employee at CompassCare, the duties associated with any positions, how compliance with § 203-e as to a particular position undermines CompassCare's very mission, or

4

that any employee of CompassCare ever made a reproductive healthcare decision objectionable to CompassCare. *See generally*, Compl.

Plaintiff NIFLA is a "non-profit membership organization[1]," which is "incorporated as a religious organization" in Virginia, and "provides both medical and non-medical pro-life pregnancy centers with legal resources and counsel." *Id*. ¶¶ 42, 97, 98, 99. It has forty-one member centers in New York, to which it offers a "an employee handbook template." *Id.* ¶¶ 102, 105; *see also CompassCare v. Hochul*, 2025 U.S. App. LEXIS at *7-8 (setting forth the allegations in the Complaint about NIFLA). The Complaint does not allege any positions held by any employee of NIFLA member centers, the duties associated with any such positions; how compliance with § 203-e as to a particular position undermines the very mission of NIFLA's member centers, or that any employee of NIFLA member centers ever made a reproductive healthcare decision objectionable to NIFLA's member centers. *See generally*, Compl.

Plaintiff First Bible is a church whose religious beliefs preclude abortion and permit sexual activity only between a man and woman within marriage. *Id*. ¶¶ 118-123. First Bible works with, and supports, CompassCare and other pro-life organizations. *Id*. ¶¶ 124-128. It also operates a pre-K though twelfth grade school (Northstar Christian Academy) and a sports and recreation program (Grace and Truth Athletics and Sports Park).[2] *Id*. at ¶¶ 133, 137. First Bible "will not hire or retain," or will subject to discipline, employees who, *inter alia*, have an abortion. *Id*. at ¶¶ 130-132, 140. The Complaint does not allege that First Bible has an employee handbook, but it does allege that

---

[1] NIFLA asserts only organizational standing, seeking to maintain claims "on behalf of its New York members, which are pregnancy centers throughout New York State that…are regulated by" § 203-e. Compl. ¶ 31. As such, the Complaint does not appear to allege any claims on behalf of NIFLA, itself. *See generally*, Compl.
[2] Unless otherwise stated, all references herein to First Bible include Northstar Christian Academy and Grace and Truth Athletics and Sports Park.

5

employees are required to "assent" to not have an abortion or engage in sexual activity outside of marriage. *Id.* ¶¶ 130-131; *see also CompassCare v. Hochul*, 2025 U.S. App. LEXIS at **8-9 (setting forth the allegations in the Complaint about First Bible). The Complaint does not allege any positions held by any employee at First Bible, the duties associated with any positions, how compliance with § 203-e as to a particular position undermines First Bible's very mission, or that any employee of First Bible ever made a reproductive healthcare decision objectionable to First Bible.

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor." *Concord Assocs., L.P. v. Entm't Props. Trust*, 817 F. 3d 46, 52 (2d Cir. 2016); *see also Daniels v. Regan*, 2025 U.S. Dist. LEXIS 15495, *10 (N.D.N.Y. Jan. 29, 2025). However, the court is not required to assume that legal conclusions within the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Sarhadi v. Geever*, 2024 U.S. Dist. LEXIS 229072, *10 (N.D.N.Y. Dec. 18, 2024). When ruling on a motion to dismiss, a "district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC LLC*, 622 F. 3d 104, 111 (2d Cir. 2010)).

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 570 (2007) *see also Imbriano v. Murray*, 2025 U.S. Dist. LEXIS 2406, *5 (N.D.N.Y. Jan. 7, 2025). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F. 3d 326, 329 (2d Cir. 2011).

## ARGUMENT

### NO PLAINTIFF STATES AN EXPRESSIVE ASSOCIATION CLAIM

The First Amendment protects the "'right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends.'" *Boy Scouts of America v. Dale*, 530 U.S. 640, 647 (2000) (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984)). However, the freedom of association "is not absolute." *Id*. at 648. Incidental burdens on associational interests do not violate the First Amendment. *Tabbaa v. Chertoff*, 509 F. 3d 89, 101 (2d Cir. 2007). Indeed, unless the burden on expressive association rights is "severe," a statute need only be supported by a rational basis. *Jacoby & Meyers, LLP v. Presiding Justices of the First, Second, Third & Fourth Dep'ts*, 852 F. 3d 178, 191 (2d Cir. 2017).

The Second Circuit recently considered the scope of an employer's right to expressive association in connection with its employees. *Slattery v. Hochul*, 61 F. 4th at 286-291; *CompassCare v. Hochul*, 2025 U.S. App. LEXIS at **12-23. The Court explained that there are meaningful differences between the relationship of employers with their employees and the relationship of voluntary membership organizations with their members. *CompassCare v. Hochul*, 2025 U.S. LEXIS at **17-18. Unlike membership organizations, the employment field has traditionally been heavily regulated by both the state and federal government and often involves "significant power imbalances." *Id*. at *17. Therefore, courts "must ensure that the right to expressive association does not serve as a shield for unlawful discrimination." *Id*. at *18. As a result, the Court held that only a plaintiff employer that alleges with specificity that a law requiring a particular employment decision threatens its *very mission* sufficiently states an expressive

7

association claim. *Id*. at *23. The Complaint fails to meet this standard in connection with any Plaintiff.

To state an expressive association claim challenging § 203-e, "[i]t is not enough for an employer to claim that it holds particular views or interests, or even that it expresses such views through its work." *Id.* at *20. Instead, a plaintiff employer must allege that § 203-e "threatens its very mission" "in the context of a specific employment decision." *Id*. at *21 (citing *Boy Scouts of America v. Dale*, 530 U.S. 640, 653 (2000)). To do so, an employer must allege facts illustrating that the employment of a person in a particular position "renders the employment of that person, in that position, a threat to the employer's mission." *Id*. Relevant to that assessment are "the responsibilities of the position" and "the particular conduct or attribute of" a particular employee. *Id.*

Therefore, to withstand a motion to dismiss, each Plaintiff must allege sufficient facts from which it may be found that (1) § 203-e forces it to "'employ individuals who act or have acted against' its 'very mission,'" *id*. (quoting *Slattery*, 61 F. 4th at 288); and (2) § 203-e "burdens its associational rights with respect to specific employment decisions." *Id.* The Complaint does not satisfy this standard as to any Plaintiff. First, the Complaint fails to allege that each Plaintiff is the type of employer whose "very mission" would be burdened by employing someone who made a particular reproductive health care decision. Second, the Complaint fails to allege any facts about particular positions held by their employees or how compelled employment in such positions will interfere with each Plaintiff's mission. The Second Circuit stated that the "(1) responsibilities of the position at issue, including whether it is client-facing and whether it involves expressly or implicitly speaking for the organization, and (2) the particular conduct or attribute of the employee that renders the employment of that person, in that position, a threat to the employer's mission"

8

are factors to be considered when determining that an employer's expressive association rights are implicated by the enforcement of § 203-e. *CompassCare v. Hochul*, 2025 U.S. App. LEXIS at \*\*21-22. The Complaint does not include any such information about any Plaintiff.

### A. CompassCare

CompassCare "function[s] as a…pregnancy center facilitating medical and other assistance to women facing unplanned pregnancies. Compl. ¶ 95. It provides pregnancy testing, ultrasounds, consultations about pregnancy, abortion and adoption options, STD testing and treatment, medical, insurance and community referrals, and informational resources about pregnancy, abortion, post-abortion care and expectations, contraception, and STDs. *Id*. ¶¶ 58-60. Because of its pro-life beliefs, CompassCare "does not recommend, provide, or refer for abortions or abortifacient drugs or devices," and does not "provide or refer patients for birth control in any form." *Id.* ¶¶ 69, 73. It also "provides training and tools to other pregnancy centers…to optimize and standardize treatment and counseling throughout the industry." *Id*. ¶ 95

The Complaint does not mention any position held by CompassCare employees, or the duties associated with any position, including whether a position is client-facing or if the holder of such a position "speaks" for CompassCare. It does not include any allegations that employing individuals consistent with the requirements of § 203-e would undermine CompassCare's very mission of providing medical testing, information, and resource referrals to women facing unplanned pregnancies. As a result, the Complaint fails to satisfy the test set forth by the Second Circuit, and all claims asserted on behalf of CompassCare should be dismissed. *Slattery*, 61 F. 4th at 288; *CompassCare v. Hochul*, 2025 U.S. App. LEXIS at \*\*21-22.

9

### B. NIFLA

NIFLA is a "non-profit membership organization," that "provides both medical and non-medical pro-life pregnancy centers with legal resources and counsel." Compl. ¶¶ 42, 97-99. It describes its mission as "empower[ing] the choice for life by: equipping pregnancy centers with legal counsel and support; enabling pregnancy centers to convert to medical clinic status where possible; and energizing pregnancy centers with a renewed vision for the future." *Id*. § 101. It has forty-one member centers in New York, that are "religious organizations that pursue their pro-life mission and spread their pro-life message as an exercise of their religious beliefs." *Id.* ¶¶ 102, 103.

The Complaint includes no allegations about the positions held by any employees of NIFLA's member centers, including whether any positions are client-facing, or involve the employee speaking for NIFLA's member centers. *See generally*, Compl. It is completely lacking any allegations explaining how employing someone for a particular employment position consistent with § 203-e would entirely undermine the missions of NIFLA's member centers. *Id.* As a result, the Complaint fails to satisfy the test set forth by the Second Circuit, and all claims asserted on behalf of NIFLA should be dismissed. *Slattery*, 61 F. 4th at 288; *CompassCare v. Hochul*, 2025 U.S. App. LEXIS at **21-22.

### C. First Bible

The Complaint alleges that First Bible "spread[s] the Gospel in the greater Rochester area" and "has a thriving missionary purpose and practice, through which it seeks to spread God's message throughout the world." Compl. ¶ 115. The Complaint fails to describe First Bible's "missionary purpose and practice" with any specificity. Instead, it describes its beliefs, *id.* ¶¶ 117-122, 130, 134, 135, and alleges that (1) it operates a school (Northstar Academy) and recreational sports facility (Grace and Truth Athletics and Sports Park), (2) makes donations to, and participates

10

in fundraisers and events organized by, pregnancy centers, (3) provides supplies and gift cards to new foster parents and (4) offers respite care to foster parents. *Id*. ¶¶ 124-128.
Similarly, the Complaint fails to describe the positions and duties of the employees of First Bible, including whether any are client-facing or involve "speaking" for First Bible. *See generally*, Compl. Instead, it simply alleges that First Bible has fourteen "pastors and directors" and employs twenty-four employees. Compl. ¶ 129. Northstar Christian Academy employs six administrators and thirty-three teachers at its pre-K to twelfth grade school. *Id*. ¶ 133. Grace and Truth Athletics and Sports Park operates sports programs and employs one director and ten part-time employees. *Id*. 137-138.

Finally, the Complaint is also completely devoid of any factual allegations to sufficiently allege how alleged compelled hiring for a particular position consistent with § 203-e threatens First Bible's mission. In fact, the Complaint fails to include any allegations that reproductive health care advocacy has anything to do with its very mission. *CompassCare,* 2025 U.S. App. LEXIS at n. 9 (noting that "First Bible does not allege that anti-abortion advocacy is central to its mission"). As a result, the Complaint fails to satisfy the test set forth by the Second Circuit, and all claims asserted on behalf of First Bible should be dismissed. *Slattery*, 61 F. 4th at 288; *CompassCare v. Hochul*, 2025 U.S. App. LEXIS at \*\*21-22.

As no Plaintiff alleges facts sufficient to state a cognizable expressive association claim, the Complaint should be dismissed in its entirety with prejudice.

11

## CONCLUSION

The Complaint fails to state an expressive association claim on behalf of any Plaintiff and, therefore, the Complaint should be dismissed in its entirety with prejudice.

Dated: Albany, New York
March 13, 2025

                                 LETITIA JAMES
New York State Attorney General
Attorney for Defendants Kathy Hochul, Roberta Reardon and Letitia James in their official capacities
The Capitol
Albany, New York  12224

By: *s/ Adrienne J. Kerwin*
Adrienne J. Kerwin
Assistant Attorney General
Bar Roll No. 105154
Telephone:  (518) 776-2608
Fax:  (518) 915-7738 (Not for service of papers)
Email: Adrienne.Kerwin@ag.ny.gov

TO:    All counsel of record (via ECF)